COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


JEFFREY M. JOHNSON

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0037-06-4                   JUDGE LARRY G. ELDER
                                                               OCTOBER 3, 2006
LESLIE C. JOHNSON


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                    Leslie M. Alden, Judge

            Marc A. Astore (Marc A. Astore, P.C., on briefs), for appellant.

            Robert J. Surovell (Cory Frederick Goriup; Surovell Markle Isaacs &
            Levy PLC, on brief), for appellee.


        Jeffrey M. Johnson (husband) appeals from an equitable distribution award determining

that Leslie C. Johnson (wife) maintained a ninety-five percent separate ownership interest in a

warehouse leasing business in which the parties acquired separate interests shortly prior to their

marriage in 1985.  On appeal, husband contends the trial court erroneously determined (1) that

wife was entitled to retain her separate interest in the business despite the fact that the parties had

used the business' profits to reduce the mortgage on its sole asset, a rental warehouse, and (2)

that the parties' conversion of the business from a partnership to a limited liability company in

1999, prior to their separating, did not make it marital property.  We hold the trial court reached

the right result on this record, and we affirm.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.

On appeal, we review the evidence in the light most favorable to the party prevailing below. Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999).

> Unless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the . . . equitable distribution award will not be reversed on appeal.

Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

### A.

### CLASSIFICATION OF INCREASE IN VALUE OF PARTNERSHIP

In classifying the increase in the value of the partnership between 1985 and 1999, the trial court found that husband's acting as leasing agent for the partnership's warehouse did not constitute "significant personal efforts that increased *the value* of the property." (Emphasis added). However, it concluded that, due to the personal efforts of both parties, "*the income received* from the" "separate" "property" was marital property and that, when it was used to pay down the mortgage on the warehouse, it was "marital money that was contributed to the separate asset." The court then held--presumably under Code § 20-107.3(A)(3)(a), which governs the classification of hybrid assets--that husband, as the nonowning spouse, had proved the contribution of marital property (the rental income received) to the separate property (the partnership owned 95% by wife) but failed to prove the amount of that contribution because "[t]here was no evidence of the balance of the mortgage in 1999 at the time that the property went from [a partnership] to [a limited liability company]." As a result, it held the increase in value of the partnership remained separate property as of 1999, with 95% owned by wife and 5% owned by husband. We agree with the trial court's conclusion but not with its reasoning.

As the trial court noted, an increase in the value of separate property during the marriage is separate property unless one of two things has occurred. Code § 20-107.3(A)(1). If "marital property or the personal efforts of either party have contributed to such increases," the portion of the increase in value "attributable to those contributions" is marital property. Id. Further, for an increase in value caused by personal efforts to be considered marital, those personal efforts "must be significant and result in substantial appreciation of the separate property." Id. The trial court found husband's personal efforts were not substantial and that, even if they were, no evidence proved they caused an appreciable increase in the value of the property any more so than did wife's efforts in keeping the partnership's books. These findings are not plainly wrong or without evidence to support them. Cf. 1 Brett Turner, Equitable Distribution of Property § 5:50, at 528 (3d ed. 2005) (discussing appreciation of and income from separate property and noting that "the degree of marital involvement [in producing income] is a factual issue").

We also note that despite the partnership agreement's provision that profits would be paid to each partner in proportion to his or her percentage share of ownership, i.e., 95% to wife and 5% to husband, husband conceded they actually shared the partnership's profits equally throughout the marriage, with distribution checks being written to them jointly or to them separately in equal amounts. Wife did not seek to retrace and recoup any of these sums in the equitable distribution proceedings. The evidence established this method of distributing the business' profits resulted in husband's receipt of or sharing in sums totaling $1,193,710, as shown by the business' tax returns through 2003. Additional evidence established these sums were substantially in excess of the commissions of $80,000 to which the court found a leasing agent would have been entitled. Accordingly, the evidence showed husband was, in fact, compensated for his efforts on behalf of the business.

Thus, we do not disturb the trial court's finding regarding the effect of husband's personal efforts on the increase in value of the business. However, as to the trial court's conclusion that "the income from the property that was used to pay down the mortgage [on the warehouse] was marital money," we hold the trial court erred. Both Code § 20-107.3(A)(1), which defines marital and separate property, and subsection (A)(3)(a), which discusses the classification of property having both marital and separate components, refer to "income *received* from separate property during the marriage." (Emphasis added).

Subsection (A)(1) provides that "[i]ncome *received* from separate property during the marriage is separate property if not attributable to the personal effort of either party." Similarly, subsection (A)(3)(a) provides that, "[i]n the case of income *received* from separate property during the marriage, such income shall be marital property only to the extent it is attributable to the personal efforts of either party." Thus, Virginia's equitable distribution statute provides, although perhaps subject to certain exceptions not applicable here,[1] that income earned by a spouse's separate property may be marital property only after it is "received" from the separate property.

As commentator Brett Turner has observed,

> [I]ncome earned by a business [owned in whole or in part by a spouse] and the resulting appreciation in [the business'] value are *not* equivalent to income [to the owning spouse] from separate property. Such income is earned by *the business*, which in most cases will be a legally distinct entity from the owning spouse. Property which is owned by third parties, *including a corporation owned entirely by the parties*, is generally not marital property subject to equitable distribution. Income earned by [a business in which one or both spouses have an ownership interest] [is not] income earned by [a spouse] *until it [is] distributed to [the spouse]*.

_____

[1] This case involves no allegation that the company retained earnings in excessive amounts in order to reduce the "income received" from the parties' separate interests in the business or to adversely affect the financial interests of either party in any way. See 1 Turner, supra, § 5:53 (discussing impact of retained earnings on property distribution).

- 4 -

1 Turner, supra, § 5:51, at 531 (emphases added) (footnote omitted); see also id. § 5:16, at 311-12 (recognizing rule that corporate assets are third-party property and noting "same entity-ownership principles [have] been applied to partnerships and irrevocable trusts" but not "to revocable trusts, sole proprietorships, and other informal organizations not permitted to hold property in their own name" (footnotes omitted)).

Here, no evidence established that the parties as individuals "received" the rental income that was used to pay the mortgage on the warehouse owned by the partnership as that term is used in Code § 20-107.3(A)(1) and (A)(3)(a). To the contrary, the partnership agreement provided that the business' profits would be "distributed" to the partners, "in proportion to their respective percentages of Partnership interest," only after the deduction of, *inter alia*, "payments upon the principal of any mortgages upon Partnership property or of any other Partnership obligations or loans." Cf. Code § 20-108.2(C) (allowing deduction of reasonable business expenses from gross income used to calculate child support). Compare Vanwassenhove v. Vanwassenhove, 998 P.2d 505, 506-07 (Idaho Ct. App. 2000) (where husband, rather than separate business, owned farm as separate property and used portion of rental income to pay principal and interest on mortgage, court recognized concept that "only net income from separate property becomes community property" but rejected husband's claim that principal payments "constituted an expense that should be subtracted from the gross rental proceeds in calculating net rental income," thereby concluding that rents used to reduce principal became community property and noting that "generally accepted accounting principles" also "do not treat payments on the principal of a mortgage loan as an expense when calculating net income"). Thus, *the partnership*, not the parties, paid the mortgage on the warehouse, and *the partnership* maintained a separate ownership interest in the warehouse's equity. Accordingly, granting deference to the trial court's findings of fact but not to its conclusions of law, we hold no evidence establishes

that *either* significant personal efforts *or* marital property contributed to the increase in the value of the partnership in a fashion that would permit the trial court to classify as marital property any portion of wife's 95% ownership interest in the partnership. Thus, we conclude that, as to the classification of the increase in value of the partnership, the trial court reached the right result.

B.

CLASSIFICATION OF INCREASE IN VALUE OF LIMITED LIABILITY COMPANY

The trial court ruled that the creation of J.T. Hayes LC (the LLC) and subsequent transference of the warehouse owned by the partnership (the LLP) to the limited liability company constituted a "retitl[ing]" of "the LLP . . . to an LLC." Husband contends that the property was not retitled. Thus, he contends the trial court erred in applying Code § 20-107.3(A)(3)(f) and should, instead, have applied Code § 20-107.3(A)(3)(e), which governs the commingling of marital property and separate property into newly acquired property. He also contends the trial court erred in concluding wife retraced her separate property interest in the LLC. We disagree and affirm the ruling of the trial court.

The LLC came into being during the marriage and, thus, was presumed to be marital property. See Code § 20-107.3(A)(2). The Articles of Organization listed husband and wife as "[t]he managers of the Company," but they contained no information regarding how the company was owned, and no other documents were created that set out the parties' respective percentages of ownership. Thus, the limited liability company, at its inception on March 11, 1999, was marital property.

On June 11, 1999, wife, as general partner of the LLP, executed a deed conveying the Fairfax warehouse, the sole asset of the partnership, to the limited liability company. At the time of the transfer, the LLP was owned 95% by wife and 5% by husband. Thus, although the partnership rather than the parties held title to the warehouse, we hold that, for purposes of

equitable distribution, the parties had the same 95% and 5% interests in the LLP's sole asset, the encumbered warehouse.

Husband contends the transfer of the warehouse to the limited liability company was a commingling of marital and separate property under subsection (A)(3)(e), whereas the trial court found it was a retitling of separate property in the joint names of the parties, transmuting it into marital property, under subdivision (A)(3)(f). Because we hold the outcome is the same under either subsection,[2] we need not decide whether the act constituted a retitling or a commingling. Under either subsection, "to the extent the [contributed or retitled] property is retraceable by a preponderance of the evidence and was not a gift, such [contributed or retitled] property shall retain its original classification." Here, the retitled or contributed property, wife's equitable 95% share of the warehouse, retained its character as her separate property because the evidence supported the trial court's finding that it was directly retraceable by a preponderance of the evidence and was not a gift. Cf. Kelln v. Kelln, 30 Va. App. 113, 126-29, 515 S.E.2d 789, 795-97 (1999) (holding that where parties transferred marital property into two revocable living trusts, one titled in the name of each spouse, and the record showed "a clear purpose to establish a mechanism . . . to minimize federal estate tax liability," the conveyance showed the spouses intended to retain their marital interest in the trusts' assets and did not intend to give property away and, thus, that the transfers were mere conveyances of title that did not change the classification of the property conveyed into the trusts). Although husband may have taken conflicting positions, he conceded the record contained no evidence of gift and agreed that the purpose of transferring the property to the LLC was "to reduce [the parties'] personal liability." Wife testified no gift was intended and that any indication in the documents related to the LLC

---

[2] Husband concedes on brief that, "irrespective of whether the Limited Company was newly acquired . . . or 'retitled property[,]' . . . the tracing burden on the non-owning spouse is the same."

that the parties owned the company equally, evidence that was conflicting at best, was error. The trial court, as the finder of fact, accepted wife's testimony and concluded no gift was intended. Thus, the evidence, viewed in the light most favorable to wife, supported the finding that, for purposes of equitable distribution, wife had a 95% separate ownership interest in the LLC.

Husband's argument that wife's separate property interest was not retraceable after the creation of the LLC is premised in part on his claim that wife's separate ownership interest in the LLP was transmuted by payment of the warehouse mortgage and that, because wife failed to present sufficient evidence to permit the retracing of her interest under the LLP, her interest in the LLC also was untraceable. However, because the evidence supported a finding that wife's 95% ownership interest in the LLP remained unchanged and that she maintained the same percentage of ownership interest in the LLC's sole asset, the trial court had no need to know the dollar value of the parties' respective separate interests and did not err in concluding that wife maintained a 95% ownership interest in the new entity.

C.

ATTORNEY'S FEES ON APPEAL

Wife seeks an award of attorney's fees on appeal. We decline that request for fees.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the record in this case, we hold husband's position was not so unreasonable as to entitle wife to an award of attorney's fees incurred in this appeal. "[W]e find the litigation addressed appropriate and substantial issues and that [husband did not] generate[] unnecessary delay or expense in pursuit of [his] interests." Estate of Hackler v. Hackler, 44

Va. App. 51, 75, 602 S.E.2d 426, 438 (2004).  Further, wife received substantial income-producing assets in the equitable distribution.  Therefore, we deny wife's request for an award of fees on appeal.

II.

Thus, we hold the trial court did not err in determining (1) that wife retained her separate interest in the business despite the fact that the business' profits were used to reduce the mortgage on its sole asset and (2) that the parties' conversion of the business from a partnership to a limited liability company during the marriage did not make the business marital property. Granting the appropriate deference to the trial court's findings of fact, we hold the court reached the right result on this record, and we affirm.

Affirmed.